Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4695 | DATE | 8/8/2000 |
| CASE TITLE | | Dennis Lee Lewis vs. US Secret Service | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, this Court sua sponte dismisses both Lewis' Complaint and this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | AUG 0 8 2000 | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✗ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 AUG -8 PM 4:01 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/8/2000 | |
| SN | courtroom deputy's initials | | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS LEE LEWIS,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No. 00 C 4695
                                 )
UNITED STATES SECRET SERVICE,    )
                                 )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

This action has come to this federal court via timely removal from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois[1] by the United States Secret Service ("Secret Service"), designated by pro se plaintiff Dennis Lee Lewis ("Lewis") as "Secret Service Agency." For the reasons stated in this memorandum opinion and order, this Court sua sponte dismisses both Lewis' Complaint and this action for lack of subject matter jurisdiction, a subject that this Court is duty bound to address whether or not the parties have done so.

Because Lewis is a pro se litigant, this Court has examined his pleading through the generous lens prescribed by the combination of <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam) and <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

---

[1] Although the original Notice of Removal had mistakenly referred to the case having been brought here from the Circuit Court of Cook County, a newly-filed Amended Notice of Removal has caught and corrected that mistake. But even if that had not taken place, that error would not have affected the validity of the removal or anything said in this opinion.

Lewis has also not been faulted here for any noncompliance on his part with the requirements of Fed. R. Civ. P. ("Rule") 8(a) that call for "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief"--after all, Lewis launched his lawsuit in the state court system, and he can scarcely be expected to have anticipated being required to conform to federal pleading standards.

But although Lewis' self-prepared pleading is both sprawling and well-nigh impenetrable, what it does make clear beyond question is that his effort to hold the Secret Service liable for what he perceives as its wrongdoings sounds in tort. And few things are as fundamental to our jurisprudence as the principle that the United States as sovereign cannot be sued except as it (acting through Congress) has granted its consent. That in turn brings into play several sections of Title 28 of the United States Code (cited here simply "Section --"):

   1. Section 2679(a) confirms that any suit on a tort claim against a federal agency, such as the Secret Service, must be asserted against the United States itself, with the remedies provided by the Federal Tort Claims Act being exclusive.

   2. Both Section 2401(b) and Section 2675(a) forbid a claimant's suit to be instituted against the United States

2

"unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" (Section 2675(a)).

Although Lewis' ramblings speak at great length of what he considers wrongful conduct in a jumbled and confusing manner (interspersed with fulminations against persons and entities other than the Secret Service), not a word is said in the Complaint to suggest his compliance with those jurisdictional preconditions for filing such a lawsuit. Hence as stated at the outset, this action must be and is dismissed for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 8, 2000

3